IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANNE ARIONDO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) Civil Action No. 09-643<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

This is an appeal from the final decision of the Commissioner of Social Security denying Plaintiff's claim for supplemental security income ("SSI") under Title XVI of the Social Security Act. Jurisdiction is proper pursuant to 42 U.S.C § 405(g). Plaintiff, Dianne Ariondo, alleges that the Administrative Law Judge's ("ALJ") decision that she is not disabled, and therefore not entitled to SSI, should be reversed because the decision is not supported by substantial evidence in the record. Upon analysis and consideration of each submission, and as set forth herein, the decision of the Administrative Law Judge is affirmed.

### I. Standard of Review

When reviewing a decision denying DIB and SSI, the district court's role is limited to determining whether substantial evidence exists in the record to support the ALJ's findings of fact. *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)(quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Additionally, if the ALJ's findings of fact are supported by substantial evidence, they

are conclusive. 42 U.S.C. § 405(g); *Richardson,* 402 U.S. at 390. A district court cannot conduct a *de novo* review of the Commissioner's decision nor re-weigh evidence of record. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa. 1998). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See* 5 U.S.C. §706.

To be eligible for social security benefits under the Act, a claimant must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The ALJ must utilize a five-step sequential analysis when evaluating the disability status of each claimant. 20 C.F.R. §404.1520. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or a combination of impairments that is severe; (3) whether the medical evidence of the claimant's impairment or combination of impairments meets or equals the criteria listed in 20 C.F.R., pt. 404 subpt. P., appx. 1; (4) whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy. 20 C.F.R. §404.1520(a)(4).

If the claimant is determined to be unable to resume previous employment, the burden shifts to the Commissioner (Step 5) to prove that, given plaintiffs's mental or physical limitations, age, education, and work experience, he or she is able to perform substantial gainful activity in jobs available in the national economy. *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986).

## II. Procedural History

Plaintiff protectively filed an application for supplemental security income on August 18, 2004. (R. at 16, 50). Plaintiff alleged a disability onset date of November 1, 1998, due to depression, diabetes, anemia, lupus, anxiety attacks, hypertension, high cholesterol, irritable bowel syndrome, hiatal hernia, ulcer, and panic attacks. (R. at 16, 64). After the claim was denied, a hearing was held before the ALJ on May 2, 2006. (R. at 433-468). Plaintiff, who was represented by counsel, and an impartial vocational expert, Dr. Noel Plummer, testified at the hearing. (*Id.*). On December 19, 2006, the ALJ found that Plaintiff was not disabled under the Act. (R. at 16-24). On March 27, 2009, the Appeals Council denied Plaintiff's request for review. (R. at 5-7). Thus, after exhausting all administrative remedies, Plaintiff commenced this action against the Commissioner pursuant to 42 U.S.C. § 405(g) on May 24, 2009. (Docket No. 1).

As an initial point, the ALJ noted that Plaintiff had filed for SSI on three previous occasions, all of which were denied by the Commissioner. (R at 16, 51-54). In his decision, the ALJ determined that Plaintiff was not disabled at the fifth step of the sequential evaluation process. (R. at 23-24). He found that Plaintiff suffered from diabetes, lupus, affective disorder and anxiety related disorder, which was deemed to be severe impairments under 20 C.F.R. §404.1520(c). (R. at 18). The ALJ found that Plaintiff's anemia, hiatal hernia, hypertension, and high cholesterol did not constitute severe impairments. (R. at 18-19). The ALJ determined that the severe impairments did not meet or medically equal the listed impairments found in 20 C.F.R. Pt. 404, Subpt. P., Appx. 1. (R. at 20). The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary

3

work[1] with the additional limitations of avoiding jobs that require rapid movements of the hands and fine manipulation, that she need to avoid direct exposure to sunlight and jobs where the temperature is under 35 degrees and that she requires simple instructions and must avoid changes in the work setting and to avoid crowds. (R at 20-21). Based upon the vocational expert's testimony, the ALJ found that Plaintiff could perform such jobs as surveillance system monitor, general clerk and packager, all of which existed in significant numbers in the local and national economy. (R. at 23-24). As a result, the ALJ concluded that Plaintiff was not under a "disability" as defined by the Social Security Act. (R. at 24).

### III. Discussion

In support of the motion for summary judgement, Plaintiff argues that the ALJ erred in three respects. First, that the ALJ failed to give the proper weight to Dr. Pavlick and Dr. Bass's medical opinions. Second, that the ALJ's residual functional capacity assessment failed to account for all of Plaintiff's non-exertional limitations. Third, that the hypothetical question relied on by the ALJ to deny benefits was inaccurate due to the above listed errors. The Court will address each argument in turn.

Plaintiff's first argument is that the ALJ erred in rejecting the opinions of Dr. Pavlick and Dr. Bass since they were treating physicians whose medical opinions were not contradicted by the

---

[1] Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §404.1567(a)

medical evidence. Generally a treating physician's opinion receives controlling weight if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. §404.1527(d)(2). However, the ALJ is free to reject medical source opinions that opine on issues reserved to the Commissioner. 20 C.F.R. §404.1527(e). Furthermore, "while contradictory medical evidence is required for an ALJ to reject a treating physician's opinion outright, such an opinion may be afforded 'more or less weight depending upon the extent to which supporting explanations are provided'" *Brownawell v. Commissioner of Social Security*, 554 F.3d 352, 355 (3d Cir. 2008)(quoting *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)).

On April 24, 2006, Dr. Bass evaluated Plaintiff to be limited to less than the full range of sedentary work and not to have the ability to lift or carry more then five pounds on an occasional basis, to only stand for 15 minutes and sit for 60 minutes. (R. at 393-394). In a "circle the answer" type form, Dr. Bass indicated that Plaintiff had severe fatigue and significant malaise. (R. at 393). He marked that she had joint inflammation in her wrists, knees, and ankles and that she had an inability to ambulate such that she could not walk a block at a reasonable pace or climb a few steps with the use of a handrail. (*Id.*) Dr. Bass also marked that Plaintiff would be unable to perform fine and gross movements effectively, such as preparing a small meal to feed herself or to take care of her personal hygiene. (R. at 394).

Dr. Pavlick marked his "circle the answer" type opinion form that Plaintiff could only stand for 15 minutes and sit for 30 minutes. (R. at 392). He noted that she could only work one hour a day and could occasionally lift 5 pounds. (*Id.*) He also indicated that she could never bend or stoop and could occasionally perform manipulations with her hands and raise her arms over her shoulder. (*Id.*)

Lastly, he marked that she needed to occasionally elevate her legs during the workday and that she suffered from moderate pain. (*Id.*)

In regards to both of these opinions, the ALJ rejected them because he found they were not consistent with the medical evidence of the record. (AR 23). Plaintiff argues that the ALJ failed to provide adequate reasons for dismissing these opinions and that the opinion of the state agency medical consultant was not evidence that could contradict the treating physicians' opinions. In the ALJ's decision he stated the following:

> The objective findings, as discussed in detail above, and conservative care do not support the claimant's alleged disabling pain and limitations. Dr. Bass reported that there was no definite swelling in the PIP's or MCP's. There was only slightly reduced range of motion at the wrists and adequate range of motion at the elbows and shoulders. There was tenderness along the neck and on either side of the lumbar spine with adequate range of motion of the hips. There was trace effusions in both knees with no swelling in the ankles. Dr. Bass reported that claimant had probable low-grade connective tissue disease or perhaps lupus with some Raynaud phenomenon. Some of the claimant's symptoms were also suggestive of fibromyalgia. An MRI of the brain was found to be normal. Dr. Khan reported that the claimant had history of lupus with positive ANA. There had been no MRI or scans of the neck or lumbar spine and claimant had not undergone an EMG or nerve conduction study. The claimant's diabetes appeared under good control with triple oral therapy. The claimant's hypertension was under good control.

(R. at 21-22).

Plaintiff argues that the reasons given by the ALJ amount to little more than his "belief" and lay opinion that Dr. Pavlick and Dr. Bass's were not consistent with the medical evidence. The ALJ did, however, point out the less than extreme symptoms noted by Dr. Bass in his treatment notes, as well as the state agency medical consultant, Dr. Khan, whose finding based upon an exam of the Plaintiff indicate that Plaintiff was capable of lifting and carrying 20 pounds and that she could stand

for four hours and had no limitations sitting. (R. at 263-265, 309, 397-410, 411-412, 427). As a result, the ALJ did not base his decision to reject Dr. Pavlick and Dr. Bass's opinion on mere speculation and belief, rather, his decision was based on the supported finding that the medical evidence conflicted with said opinions. Furthermore, it should be noted that the opinions of Dr. Pavlick and Dr. Bass that opined Plaintiff to have less than sedentary work capabilities were little more than "circle the answer" type form. *See Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993)("Form reports in which a physician's obligation is only to check a box or to fill in a blank are weak evidence as best."). Therefore, the ALJ did not err in finding that Dr. Pavlick and Dr. Bass's opinions conflicted with the medical evidence and concluding that those opinions were not entitled any weight.

The second of Plaintiff's arguments is that the ALJ's residual functional capacity assessment failed to account for all of Plaintiff's non-exertional limitations, specifically her inability to respond appropriately to work pressures in a usual work setting. When determining Plaintiff's RFC the ALJ must consider all relevant evidence available. *See* 20 C.F.R. § 404.1545(a); *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000). "'Residual functional capacity is defined as that which an individual is still able to do despite the limitations caused by his or her impairment(s).'" *Burnett*, 220 F.3d at 121 (quoting *Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3d Cir. 1999)); *see also* 20 C.F.R. § 404.1545(a). An individual claimant's RFC is an administrative determination expressly reserved to the Commissioner. 20 C.F.R. § 416.927(e)(2). Social Security Ruling ("*SSR*") 96-5p provides:

> The assessment is based upon consideration of all relevant evidence in the case record, including medical evidence and relevant nonmedical evidence, such as observations of lay witnesses of an individual's apparent symptomatology, an individual's own statement

of what he or she is able or unable to do, and many other factors that could help the adjudicator determine the most reasonable findings in light of the evidence.

*SSR* 96-5p (1996), 1996 WL 374183 *5.

Plaintiff points to the report of Dr. Williams, the state agency psychologist, that found marked limitations in Plaintiff's ability to respond appropriately to work pressures in a usual work setting. (R. at 281). Plaintiff argues that the ALJ's failure to include or discuss this limitation in his RFC assessment was a failure to consider all the evidence.

In the decision, the ALJ adopted the state agency psychologist, Dr. Ray Milke's assessment. (R. at 23, 283-299). Dr. Milke found Plaintiff to have only moderate limitations in the ability to understand, remember and carry out detailed instructions and moderate limitations in the ability to complete a normal workday and workweek without interruptions and to perform at a consistent pace. (R. at 296-297). He also found Plaintiff to have moderate limitations in her ability to maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness as well as moderate limitations in the ability to respond to changes in the work setting and to set realistic goals. (R. at 297). As to Dr. Williams report, the ALJ stated the following:

> The claimant's lack of credibility raises questions as to the claimant's credibility about her psychological problems. Dr. Williams reported that there were no indications of social or situational anxiety and the claimant appeared comfortable within the office setting. The claimant had appropriate behaviors and levels of psychomotoric activity. The claimant had no difficulty initiating, sustaining, or terminating her emotional responses, and her emotional expression was appropriate to the thought content and situation.

(R. at 22). Additionally, Dr. Milke noted in his report that Dr. Williams' opinion was only partially consistent with Plaintiff's functional abilities. (R. at 298).

As a part of Plaintiff's RFC, the ALJ included the limitation that she requires simple

8

instructions, that she needs to avoid changed in the work setting and that she must avoid crowds. (R. at 21). This RFC fully incorporates the non-exertional limitations Plaintiff had that were supported by the medical evidence. The ALJ considered the non-exertional limitations opined by Dr. Williams and Dr. Milke, he discussed those opinions in the decision, and concluded that Dr. Milke's opinion was consistent with the medical evidence. (R. at 19, 20, 22, 23). As a result, substantial evidence supports the ALJ's findings as to Plaintiff's non-exertional limitations in her RFC. Plaintiff also argues that the physical limitations opined by Dr. Pavlick and Dr. Bass should have been included in Plaintiff's RFC. As discussed above, however, the ALJ did not err in rejecting the opinions of Dr. Pavlick and Dr. Bass, therefore, the additional physical limitations did not need to be included in Plaintiff's RFC.

Plaintiff's final argument is that the hypothetical question relied on by the ALJ to deny benefits was inaccurate. This argument is essentially derivative from the preceding two arguments. Indeed, "[a] hypothetical question must reflect all of a claimant's impairments that are supported by the record; otherwise the question is deficient and the expert's answer to it cannot be considered substantial evidence." *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987)(citing *Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984), *Wallace v. Secretary*, 722 F.2d 1150 (3d Cir.1983)). As discussed above, the Court finds no err in the ALJ's RFC assessment or his decision to reject the treating physicians' opinions. As a result, there are no inaccuracies in the hypothetical question and the ALJ's reliance on the hypothetical question is supported by substantial evidence.

## IV. Conclusion

In viewing the record as a whole, substantial evidence supports the Commissioner's final decision and therefore it will be affirmed. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANNE ARIONDO, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 09-643 |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER

AND NOW, this 9th day of March, 2010, and for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that the Plaintiff's Motion for Summary Judgment [Doc. No. 8] is DENIED, and the Defendant's Motion for Summary Judgment [Doc. No. 10] is GRANTED. JUDGMENT is hereby entered in favor of Defendant, Michael J. Astrue, Commissioner of Social Security, and against Plaintiff, Dianne Ariondo.

                                                                                  _____
                                                                                  Gary L. Lancaster
                                                                                  Chief United States District Judge

cm: All parties of record.